Syllabus—Statement.

# Richmond.

WHITELAW'S EX'OR v. SIMS.

MARCH 15th, 1894.

1. WILLS—*Undue influence.*—The fact that the will of a person 88 years old differs from her previously expressed intention, and is made in favor of those standing in a relation of confidence and dependence toward her, raises a presumption of fraud and undue influence, which must be overcome by satisfactory testimony in order that the will may stand. *Hartman* v. *Strickler*, 82 Va., 238.

2. IDEM—*Incapacity—Duress.*—Opinions of witnesses long acquainted with testatrix, as to her mental incapacity and incompetency on account of bodily infirmity and duress, *held*, admissible as evidence in a suit to set aside the will, though they be not subscribing witnesses. *Young* v. *Barner*, 27 Gratt., 103.

Appeal from decree of circuit court of Orange county, rendered July 18th, 1889, wherein Mary Whitelaw's executor and heirs were complainants, and ———— Sims and others were defendants. The object of the suit was to annul her will. The verdict of the jury being in favor of the will, the complainants moved to set it aside and to be allowed a new trial of the issue of *devastavit vel non;* but the court denied the motion and rendered its decree accordingly and the complainants appealed. Opinion states the case.

*A. R. Blakey* and *G. D. Gray*, for appellants.

*J. G. Field* and *John G. Williams*, for appellees.

LACY, J., delivered the opinion of the court.

The bill was filed in this case by the appellants against the appellees, to set aside the will of Mrs. Mary Whitelaw, who died in December, 1874, upon the ground of undue influence and the incapacity of the said testatrix on account of imbecility of mind and bodily infirmity, caused by the extreme old age of the testatrix. The defendants answered, denying the allegations of the bill. A jury was impannelled to try the issue as to the validity of the will, and the case was submitted to the jury upon the evidence in the form of depositions and the testimony of witnesses, together with the instructions of the court. There was much conflict in the testimony submitted to them, upon consideration of which the jury rendered a verdict in favor of the will, which verdict the contestants moved the court to set aside and grant a new trial, which motion the court overruled, and the contestants excepted, and there were sundry bills of exception filed to the rulings of the court during the trial. Upon the rendering of the decree by the court in accordance with the verdict, and refusing to set aside the verdict, the appellants applied for and obtained an appeal to this court.

Upon the motion to set aside the verdict as contrary to the evidence, the same having been approved by the trial court, the same could not be disturbed by this court unless without evidence or palpably wrong. But by the bills of exception filed in the cause it appears that the trial court excluded the opinion of witnesses for the contestants, showing the mental incapacity of the testatrix, and her incompetency on account of bodily infirmity and duress (these witnesses were long acquaintances, some of whom had lived in the house with her), and admitted the testimony of other witnesses, not subscribing witnesses, as to the good condition of her mind and her capacity, against the exception of the contestants, and refused to instruct the jury that when a will executed by an old person (in this case the testatrix was eighty-eight years old) differs from his or her previously expressed intention, and is made in favor of those who stand in relation of confidence or depend-

ence towards him or her, it raises a violent presumption of
fraud and undue influence, which should be overcome by sat-
·isfactory testimony, and that it is not essential to the applica-
tion of the principle that unsoundness of mind on the part of
the testator should be shown; the question is not whether the
testator knew what he was doing, but how the intention was
produced; and, if it appears that it arose from the controlling
influence of force, imposition, or fraud, that is sufficient for
setting aside the will—and gave another leaving out the pre-
sumption of fraud and undue influence, which should be over-
come by satisfactory testimony.

In the case of *Hartman* v. *Strickler*, 82 Va., 238, citing 1 Wil-
liams, Ex'rs, 58, note, it is said: " When a will executed by
an old man differs from his previously expressed intentions,
and is made in favor of those who stand in relations of confi-
dence or dependence towards him, *it raises a violent presumption
of fraud and undue influence, which should be overcome by satisfac-
tory testimony."* See the opinion of this court in that case and
authorities cited. This instruction correctly expounding the
law according to the decisions of this court, was refused, and
the refusal of the court to give it, at least in substance, is
error, for which the decree will be reversed here. 1 Jarm.
Wills, 71, 72. The court also erred in excluding the opinions
of witnesses having peculiar advantages of knowing as to the
capacity of the testatrix. This was the very question at issue.
*Insurance Co.* v. *Rodel*, 95 U. S., 238; *Young* v. *Barner*, 27
Gratt., 103; 1 Jarm. Wills, 115, 130. Whatever was the
weight to be attached to this class of testimony, it was compe-
tent, and should not have been withdrawn by the court from
the consideration of the jury. See the opinion of Mr. Justice
Bradley in *Insurance Co.* v. *Rodel, supra.* The verdict of the
jury having been rendered on a partial and incomplete portion
of the legal evidence, and upon erroneous instructions given
by the court, the same should·have been set aside, and a new
trial awarded; and the decree of the circuit court refusing the

motion to that end is erroneous, and must be reversed and annulled, and the case remanded for a new trial to be had therein.

DECREE REVERSED.